**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0513n.06
Filed: July 20, 2006

**No. 05-6432**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MARVIN RAY SPEARS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CANADIAN NATIONAL/ILLINOIS | ) | WESTERN DISTRICT OF TENNESSEE |
| CENTRAL RAILROAD, formerly known as | ) | |
| Illinois Central Railroad, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY and COOK, Circuit Judges; and COLLIER, District Judge.[*]

PER CURIAM. Following an administrative investigation and hearing, Defendant Canadian National/Illinois Central Railroad ("CNIC") terminated Plaintiff Marvin Ray Spears for excessive absenteeism. After unsuccessful administrative challenges, Spears turned to federal court, filing a petition for review in the district court seeking to reverse the Public Law Board's (the "Board") decision to uphold his termination. The district court granted CNIC's motion for summary judgment and ordered the case dismissed. We affirm.

---

[*]The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Spears worked as a trainman/conductor for CNIC. In mid-September 1996, CNIC notified Spears that it would be conducting a formal investigation and hearing to determine whether Spears had been excessively absent from work between June 1, 1996 and September 14, 1996. Spears participated in the hearing and was represented by a union official. Three days later, CNIC terminated Spears, finding that he had been excessively absent from work—close to 71% of the days during the period in question—in violation of CNIC's operating rules.

Spears appealed the termination decision through the company's grievance process. Eventually, the Board, an arbitration panel created by voluntary agreement between CNIC and the union in accordance with the Railway Labor Act, 45 U.S.C. § 153 Second ("the Act"), upheld the termination decision. Years later, Spears filed a pro se "Petition for Court Review of Adjustment Board Decision" in the district court, seeking to be reinstated with pay for all lost time and with his seniority and benefits unimpaired. The district court granted CNIC's motion for summary judgment.

Though we review a grant of summary judgment de novo, applying the frequently-cited Rule 56 standard, *Int'l Union v. Cummins, Inc*., 434 F.3d 478, 483 (6th Cir. 2006); Fed. R. Civ. P. 56(c), review of the Board's decision is "subject to a standard of review that is among the narrowest known to the law." *Airline Prof'ls Ass'n of the Int'l Bhd. of Teamsters v. ABX Air, Inc.*, 274 F.3d 1023, 1030 (6th Cir. 2001).

First, the Act provides that the findings and order of the Board are conclusive except to the extent that: 1) the Board failed to comply with the requirements of the Act; 2) the Board failed to

conform the order, or to confine itself, to matters within the scope of its jurisdiction; or 3) a Board member engaged in fraud or corruption. 45 U.S.C. § 153 First (q). "Only upon one or more of these bases may a court set aside an order of the [Board]." *Union Pac. R.R. v. Sheehan*, 439 U.S. 89, 94 (1978). Additionally, this court has held that "[i]n order to set aside the Board's decision, [this court must] determine that the decision was 'wholly baseless and without foundation and reason.'" *Schneider v. S. Ry.*, 822 F.2d 22, 24 (6th Cir. 1987) (quoting *Gunther v. San Diego & Arizona E. Ry.*, 382 U.S. 257, 264 (1965)).

In attacking the Board's decision Spears complains that the Board failed to file in the district court a record of the proceedings on which it based its action, as required by the Act, *see* 45 U.S.C. § 153 First (q), and failed to conform or confine itself to matters within its jurisdiction by, among other things: cutting short the questioning of one of his witnesses; improperly considering his past leaves of absence in reaching its decision; employing a biased investigating officer; using percentages to compare his absentee rate to that of his peers "contrary to [his] contractual rights"; and using "flawed calculations" to determine that his absentee rate was "excessive"—*i.e.*, choosing an arbitrary time period to evaluate his absentee rate and failing to include his absentee rate when calculating the average absentee rate among his 92 peers. Spears also (for the first time) faults the Board for denying him a full and fair hearing in violation of his constitutional right to due process.

Spears, however, never disputes that he was absent from work 71% of the time during the 10-week time period under investigation. We need not decide whether the district court correctly

concluded that many of Spears's challenges concerned issues outside the scope of the court's review (such as evidentiary rulings, alleged factual errors, or contract interpretation disputes) because we agree with the district court that the undisputed fact of Spears's 71% absentee rate "precludes a finding that the Board's decision was 'wholly baseless' or 'without foundation [and reason].'"

We thus affirm the district court.